**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4095**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ARTURO ALEXANDER, JR.,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge.  (6:19-cr-00694-TMC-1)

Submitted:  November 18, 2021      Decided:  November 19, 2021

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arturo Alexander, Jr., pled guilty to conspiracy to commit fraud by means of identification of another, in violation of 18 U.S.C. §§ 1028(a)(7), (f), and the district court sentenced him to 60 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning (1) whether the district court erred in denying Alexander a reduction for acceptance of responsibility, and (2) the procedural and substantive reasonableness of Alexander's sentence. The Government did not file a response brief, and Alexander did not file a supplemental pro se brief. We affirm.

Because Alexander did not preserve the argument for appeal, we review for plain error the district court's decision not to award Alexander a reduction for acceptance of responsibility when calculating his Sentencing Guidelines offense level. "To succeed under plain error review, a defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). Even then, we will only correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

To establish entitlement to an acceptance of responsibility reduction, "[t]he defendant bears the burden of showing he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct, and this does not flow automatically from a guilty plea." *United States v. Carver*, 916 F.3d 398, 404 (4th Cir. 2019) (internal quotation marks omitted). One consideration in determining entitlement to

2

the reduction is whether the defendant voluntarily terminated or withdrew from criminal conduct. U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.1(B) (2018). Alexander was on pretrial release for approximately eight months in this case. In that time, he incurred repeated bond violations—including new arrests for serious conduct in New York and North Carolina—and his bond was eventually revoked. In light of this conduct, we conclude that the district court did not plainly err in declining to award Alexander a reduction for acceptance of responsibility. *See United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (holding that district court did not err in refusing to grant acceptance of responsibility reduction "[i]n light of Appellant's resumption of criminal activity after his first arrest").

Turning to Alexander's sentence, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756

3

F.3d 295, 306 (4th Cir. 2014). Here, a review of the record reveals that the district court did not commit any procedural sentencing errors, and Alexander fails to rebut the presumption that his sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Alexander, in writing, of the right to petition the Supreme Court of the United States for further review. If Alexander requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Alexander.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*